SORRELL ET AL., APPELLEES AND CROSS-APPELLANTS, *v.* OHIO DEPARTMENT OF NATURAL RESOURCES, DIVISION OF PARKS AND RECREATION, APPELLANT AND CROSS-APPELLEE.

[Cite as Sorrell *v.* Ohio Dept. of Natural Resources (1988), 40 Ohio St. 3d 141.]

(No. 87-2081—Submitted November 2, 1988—Decided December 28, 1988.)

*Luper, Wolinetz, Sheriff & Neidenthal, James R. Leickly* and *Marya C. Kolman,* for appellees and cross-appellants.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Susan M. Sullivan,* for appellant and cross-appellee.

*John K. Fitch,* urging affirmance for *amici curiae,* Ohio Academy of Trial Lawyers and Franklin County Trial Lawyers Assn.

HOLMES, J. This case presents two issues for our consideration. We are first asked to decide whether appellee Frank Sorrell was a "recreational user," as defined in R.C. 1533.18(B), at the time of his accident. For the reasons which follow, we hold that he was. Second, in their cross-appeal, the Sorrells ask this court to overrule its decisions in *McCord* v. *Division of Parks & Recreation* (1978), 54 Ohio St. 2d 72, 8 O.O. 3d 77, 375 N.E. 2d 50, and *Moss* v. *Dept. of Natural Resources* (1980), 62 Ohio St. 2d 138, 16 O.O. 3d 161, 404 N.E. 2d 742, paragraph one of the syllabus, wherein it was held that "* * * the definition of 'premises' in R.C. 1533.18(A) effectively encompassed state-owned lands." We find no acceptable reason to deviate from that construction of the statute, and thus we reverse the decision of the court of appeals.[1]

---

[1] The Sorrells, in their cross-appeal in this court, raised two additional issues: (1) whether extension of the immunity from liability granted in R.C. 1533.181 to landowners who injure trespassers by willful or wanton conduct would violate Section 16, Article I of the Ohio Constitution, and (2) whether the statutory immunity would apply where injuries are caused by artificial and willfully created hazards, such as the mound of dredge material herein. These issues were not raised in the courts below,

R.C. 1533.18 provides:

"As used in sections 1533.18 and 1533.181 of the Revised Code:

"(A) 'Premises' means all privately-owned lands, ways, waters, and any buildings and structures thereon, and all state-owned lands, ways, and waters leased to a private person, firm, organization, or corporation, including any buildings and structures thereon.

"(B) 'Recreational user' means a person *to whom permission has been granted,* without the payment of a fee or consideration to the owner, lessee, or occupant of premises, other than a fee or consideration paid to the state or any agency thereof, to enter upon premises to hunt, fish, trap, camp, hike, swim, or engage in other recreational pursuits." (Emphasis added.)

R.C. 1533.181 provides:

"(A) No owner, lessee, or occupant of premises:

"(1) Owes any duty to a recreational user to keep the premises safe for entry or use;

"(2) Extends any assurance to a recreational user, *through the act of giving permission,* that the premises are safe for entry or use;

"(3) Assumes responsibility for or incurs liability for any injury to person or property caused by any act of a recreational user." (Emphasis added.)

Appellee Sorrell does not contend that snowmobiling is not a "recreational pursuit" for purposes of R.C. 1533.18(B), and in fact admitted in his answers to ODNR's interrogatories that he entered Buckeye Lake for recreational purposes. Instead, Sorrell argues that since he was operating his snowmobile between the prohibited hours of 11:00 p.m. and 6:00 a.m., in violation of ODNR rules,[2] he was using the park without "permission" and was thus a trespasser — not a recrea-

---

nor in the Sorrells' cross-motion to certify the record to this court, see Section 4(A), Rule II of the Rules of Practice of the Supreme Court, and have thus been waived. See *State* v. *Awan* (1986), 22 Ohio St. 3d 120, 22 OBR 199, 489 N.E. 2d 277.

[2] Appellee cites the following Ohio administrative rules, of which he was apparently in violation, in support of his arguments:

"[Ohio Adm. Code] 1501:20-7-01 Hours of operation: exceptions

"No person shall operate a snowmobile or all-purpose vehicle on land and waters controlled by the State at anytime between the hours of 11:00 p.m. and 6:00 a.m., except; [*sic*] that all-purpose vehicles conforming with all requirements of Chapters [*sic*] 1548 of the Revised Code governing watercraft are exempt from this rule and may operate upon open waters of lakes in accordance with rules governing thereon."

"[Ohio Adm. Code] 1501:41-7-01 Open hours, closed hours, duties; exemptions

"(A) No person shall be present, unless exempted in writing by the area manager, on any area administered by the division between the hours of eleven p.m. and six a.m., except as hereinafter provided in the rule.

"* * *

"(C) Persons actually engaged in fishing, hunting, or boating, ice skating, hiking, cross-country skiing, snowshoeing, or any other legitimate recreational pursuit as determined by the chief, or going to or returning from areas where these activities may take place, or persons sleeping on watercraft as authorized in rule 1501:41-11-15 of the Administrative Code, authorized campers, and occupants of cabins or lodge rooms located within an area administered by the division or persons engaged in an authorized division sponsored program, may be present in such areas at any time during the day or night, except that such persons shall not be on the trails in the day use areas at John Bryan state park, Nelson-Kennedy Ledges state park, Crane Creek state park, the Hosak Cave area at Salt Fork state park, the Gorge Overlook area and Lyons Falls trail at Mohican state

tional user. He further argues that, as he was an undiscovered trespasser, ODNR owed him a duty to refrain from willful or wanton conduct which might cause him injury, citing *Elliott* v. *Nagy* (1986), 22 Ohio St. 3d 58, 22 OBR 77, 488 N.E. 2d 853, and that R.C. 1533.181 does not provide immunity from a breach of such duty.

Sorrell's argument correctly implies that the duty of landowners, both public and private, toward trespassers is narrow. "Ordinarily, a landowner owes no duty to undiscovered trespassers other than to refrain from injuring such trespassers by willful or wanton conduct. See Prosser & Keeton, Torts (5 Ed. 1984) 397, Section 58." *Elliott, supra,* at 60, 22 OBR at 78, 488 N.E. 2d at 854-855. "In general, no one has any right to enter without his consent, and he is free to fix the terms on which that consent will be given. Intruders who come without his permission have no right to demand that he provide them with a safe place to trespass, or that he protect them in their wrongful use of his property. When they enter where they have no right or privilege, the responsibility is theirs, and they must assume the risk of what they may encounter * * * and are expected to look out for themselves." (Footnote omitted.) Prosser & Keeton, *supra,* at 393. We find it unnecessary to consider the applicability of R.C. 1533.181 to trespassers, however, as we hold that appellee Sorrell was a "recreational user," as defined in R.C. 1533.18(B), irrespective of any violation of ODNR's snowmobile operational restrictions.

The recreational user statutes apply to premises owned by the state that are made available for recreational purposes. *McCord, supra; Moss, supra.* The immunity conferred by R.C. 1533.181 extends only to those persons who have (1) been given permission, (2) to gratuitously, (3) engage in a recreational pursuit. Buckeye Lake was dedicated for the use of the public as a public park in 1902 by operation of a predecessor of R.C. 1541.06. (R.S. 218-305.) R.C. 1541.07 mandates that Buckeye Lake and other lakes "shall *at all times* be open to the public as resorts for recreation and pleasure. * * *"[3] (Emphasis added.) This is consistent with the general purposes of ODNR's Division of Parks and Recreation, which is to "create, supervise, operate, protect, and maintain a system of state parks and promote the use thereof by the public." R.C. 1541.01. Thus, by statutory mandate, Buckeye Lake is held open for gratuitous recreational use by the general public. Cf. *Loyer* v. *Buchholz* (1988), 38 Ohio St. 3d 65, 526 N.E. 2d 300.

Although the state may limit or control gratuitous recreational use by the promulgation of reasonable rules, see Ohio Adm. Code Chapter 1501, such rules do not limit the grant of permission by the General Assembly. The

---

park, or Hocking Hills state park after one-half hour after sunset without written permission from the chief of the division or his/her designee."

See, also, Ohio Adm. Code 1501:41-14-01 through 1501:41-14-05.

[3] R.C. 1541.07 provides:
"The lakes named in section 1541.06 of the Revised Code shall at all times be open to the public as resorts for recreation and pleasure, including hunting, fishing, and boating. The privileges of hunting and fishing shall be subject to the fish and game laws of the state, and the boating privileges shall be subject to the rules and regulations prescribed by law and the division of parks and recreation."

immunity granted by R.C. 1533.181 to owners, lessees, or occupants of premises who hold such premises open for gratuitous recreational use by the general public can not be lost where a person violates state park rules and regulations while using a park for permitted, gratuitous recreational purposes. A contrary ruling would either discourage the state from holding its land open to the general public, or discourage it from promulgating reasonable safety rules and regulations for the protection of the public using its land. Such a result would hinder the common goal of both R.C. Chapter 1541 and the recreational user statutes, which is to encourage the state to open its land to public recreational use without fear of liability. See *Marrek* v. *Cleveland Metroparks Bd. of Commrs.* (1984), 9 Ohio St. 3d 194, 198, 9 OBR 508, 511, 459 N.E. 2d 873, 877; *Moss, supra,* at 142, 16 O.O. 3d at 164, 404 N.E. 2d at 745; *Loyer, supra,* at 66, 526 N.E. 2d at 302. Inasmuch as the court of appeals below erroneously held that Sorrell was not a recreational user in that the ODNR had not granted anyone "permission" to snowmobile on Buckeye Lake between the hours of 11:00 p.m. and 6:00 a.m., we must reverse that decision and reinstate the summary judgment against appellees, Sorrell being, as a matter of law, a recreational user at the time of his accident.

In their cross-appeal, the Sorrells argue that the immunity granted in R.C. 1533.181 applies solely to land which is privately owned, leased or occupied, and does not apply to land owned by the state. They charge that this court improperly engaged in "judicial legislation" in our decisions in *McCord* and *Moss,* rather than applying the "clear and unambiguous language" of the statute. We recently clarified our prior holdings on this issue in *Johnson* v. *New London* (1988), 36 Ohio St. 3d 60, 63, 521 N.E. 2d 793, 796-797, wherein we emphasized that the state's immunity is not conferred directly by R.C. 1533.181, but rather is derived from the immunity enjoyed by private persons thereunder. The state's derivative immunity arises pursuant to R.C. 2743.02(A) of the Court of Claims Act. We find no reason to overrule these decisions.

*Judgment reversed.*

MOYER, C.J., SWEENEY, LOCHER, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

