JACKSON ET AL., APPELLANTS, *v.* PLUSQUELLIC, MAYOR, ET AL., APPELLEES.

(No. 14047—Decided July 5, 1989.)

*Dorrit W. Purdy,* for appellants.
*Bruce H. Christensen, Jr.,* assistant director of law, for appellees.

MAHONEY, P.J. Plaintiffs-appellants, Michael A. Jackson II ("Michael") and his parents, Rosalynn and Michael A. Jackson, challenge the order of the trial court granting summary judgment in favor of defendants-appellees, Donald L. Plusquellic, Mayor, Akron Recreational Bureau and the city of Akron ("Akron"). We reverse and remand.

### Facts

Michael Jackson II is a twelve-year-old youngster who enrolled in a day camp sponsored by the city of Akron's Recreation Bureau. The day camp is in an area adjacent to Summit Lake, Akron, Ohio.

One of the activities which was planned for the campers was an overnight canoe trip at Nesmith Lake. Michael's parents allege that they instructed the camp that Michael was not to participate in the training activities in preparation for the trip. Although Michael was unaware of these instructions, Akron did not refute the allegation. Following a discussion between Michael and an instructor, Michael participated in the training exercises. Initially these exercises were conducted in the camp's swimming pool but were then moved to the adjacent Summit Lake.

The complaint alleged that Summit Lake is a "notorious dump for toxic chemicals and other wastes and debris." "NO SWIMMING" signs were posted. In a deposition attached to Michael's motion in opposition to summary judgment, Michael stated that there were cans, broken glass and paper around the shore. In his deposition Michael also stated that he told the

canoe instructor about the "NO SWIMMING" signs but was told that the children would be treading water, not swimming. In spite of the warning signs, the instructor led the children into the water. Subsequently, Michael was injured by debris in the lake.

Akron moved to dismiss the complaint pursuant to Civ. R. 12(B)(6), claiming immunity under the recreational user statutes. The trial court ordered the parties to supplement their briefs and treated the motion to dismiss as a motion for summary judgment. The trial court granted summary judgment in favor of Akron.

Michael and his parents assign one error in this appeal:

"The court erred in granting defendant's summary judgment motion immunizing from liability the operators of a day camp for the negligent and reckless act of its staff on the basis of ORC 1533.18 and 1533.181, the recreational user statutes."

Michael contends that he is not a recreational user as contemplated by R.C. 1533.18(B) and, as such, summary judgment was improper. We agree.

Summary judgment is proper only where the evidence is such that reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion is made. In our review of the motion, all inferences drawn from the facts are viewed in the light most favorable to Michael. *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 327, 4 O.O. 3d 466, 472, 364 N.E. 2d 267, 274.

A "recreational user" is defined in R.C. 1533.18(B) as:

"* * * [A] person to whom permission has been granted, without the payment of a fee or consideration to the owner, lessee, or occupant of premises, other than a fee or consideration paid to the state or any agency thereof, to enter upon premises to * * * swim, or engage in other recreational pursuits."

The Ohio Supreme Court has provided us with guidance on this issue:

"In determining whether a person is a recreational user under R.C. 1533.18(B), the analysis should focus on the character of the property upon which the injury occurs and the type of activities for which the property is held open to the public. (*Light* v. *Ohio University* [1986], 28 Ohio St. 3d 66, 28 OBR 165, 502 N.E. 2d 611; *Loyer* v. *Buchholz* [1988], 38 Ohio St. 3d 65, 526 N.E. 2d 300; *Fryberger* v. *Lake Cable Recreation Assn., Inc.* [1988], 40 Ohio St. 3d 349, 533 N.E. 2d 738; *Sorrell* v. *Ohio Dept. of Natural Resources* [1988], 40 Ohio St. 3d 141, 532 N.E. 2d 722, construed.)" *Miller* v. *Dayton* (1989), 42 Ohio St. 3d 113, 537 N.E. 2d 1294, syllabus.

Applying the *Miller* analysis to the facts before us we find that there is certainly a question of fact as to whether the essential character of the property fits within the intent of the recreational user statutes. *Id.* at 114, 537 N.E. 2d at 1296. Here there were signs posted which warned against swimming. Debris was strewn on the beach and was obviously in the water. Michael's claim that he is not a recreational user because of the small fee he apparently paid for a camp tee shirt is irrelevant in light of the character of the premises. Thus, summary judgment was improper when there is a question as to whether Summit Lake was held open to the public to engage, without fee, in the recreational pursuit of swimming.

Akron, however, claims that Michael initiated this action pursuant to R.C. 2744.02(B). Because Michael invoked R.C. Chapter 2744 on the immunity of political subdivisions, Akron now argues that it is immune by virtue of its governmental function of operat-

ing the day camp. Akron did not raise the defense of sovereign immunity in any of its pleadings before the trial court and the issue as to whether these activities are included within Akron's governmental functions is not properly before us.

Accordingly, we sustain Michael's assignment of error and reverse and remand for further proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

BAIRD and REECE, JJ., concur.