[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
OPINION
Appellants, Shawn Goodluck and his parents, Fred and Melissa Goodluck, appeal the judgment of the Common Pleas Court of Hancock County granting summary judgment to the appellees (the City of Findlay, the Hancock Park District, the Hancock County Board of County Commissioners, and the Hancock County Human Services Department). This case arose from a personal injury action brought by the appellants against the appellees. For the following reasons, we affirm the judgment of the trial court.
The appellants supply the following facts in their merit brief. On August 18, 1994, Shawn, then age eight, rode his bike to a parcel of land known as the "Great Karg Well Historic Site." Once there, Shawn traveled on his bike over approximately thirty feet of grass to a river concrete embankment. He left his bike at the top of the embankment and walked down to the riverbed in order to get his brother to come home. His brother told him to leave and Shawn walked back to the top of the embankment. While retrieving his bike, Shawn somehow fell approximately fifteen feet off the river concrete embankment. Due to the fall, Shawn suffered two broken wrists, a head concussion, and various permanent injuries.
Appellants filed a complaint and an amended complaint. The amended complaint of the appellants provides that the Great Karg Gas Well is an historical site in Findlay, Ohio and is maintained by the Hancock County Park District.[1] The City of Findlay filed an answer to the original complaint. The Hancock Park District, the Hancock County Board of County Commissioners[2], and the Hancock County Human Services Department[3] filed a joint answer to the amended complaint and a motion for judgment on the pleadings and a motion to dismiss based upon immunity under the "Recreational User Statute" (R.C. 1533). After a response by the appellants and various reply motions, the Hancock County Park District ("Park District") then moved for summary judgment pursuant to immunity under the recreational user statute and the Political Subdivision Tort Liability Act (R.C. 2744). Appellants filed the affidavits of Shawn and Fred Goodluck in opposition of the motions to dismiss and for summary judgment. The Park District filed a reply memorandum in support of the motion for summary judgment. On October 2, 1998, the trial court granted judgment as a matter of law to each of the appellees pursuant to immunity under the recreational user statute. The appellants now assert two assignments of error.
 ASSIGNMENT OF ERROR NO. I A municipality is liable under O.R.C. 2744.02(B) for injuries occurring on public grounds, concreted [sic] river embankments and channels, and at non-park historical locations.
 ASSIGNMENT OF ERROR NO. II Entities are not entitled to immunity under the recreational user statute when one is merely traversing across a short area, claimed to be protected under the statute, in order to reach a point beyond the claimed protected land and at no time stopping or engaging in any activity on the claimed protected area except the act of travelling across it.
Because we find that the appellees are immune under the recreational user statute, we need not address its claim to immunity under R.C. 2744, which grants political subdivisions immunity from tort liability.
As a preliminary matter, we find that all of the appellees properly presented the affirmative defense of immunity under the Recreational User Statute. The Hancock County Park District, the Hancock County Board of County Commissioners, and the Hancock County Human Services Department filed an answer to the appellants' amended complaint which specifically asserted the affirmative defense of immunity pursuant to R.C. 1533.18 and1533.181. See Civ.R. 8(C).
Turning to the City of Findlay, the trial court allowed, without objection by the appellants, the City of Findlay to join the other defendants' prepleading motion to dismiss, which set forth the immunity defense pursuant to the Recreational User Statute. See Civ.R. 12(B)(6); Mills v. Whitehouse Trucking Co.
(1974), 40 Ohio St.2d 55 (holding that an affirmative defense can be asserted in a prepleading Civ.R. 12(B) motion to dismiss, in an answer, or in amended or supplemental answer); Carmen v. Link
(1997) 119 Ohio App.3d 244. Accordingly, we also find that the City of Findlay did not waive the affirmative defense of immunity pursuant to the Recreational User Statute.
In considering an appeal from the granting of a summary judgment, we review the grant of the motion for summary judgment independently and do not give deference to the trial court's determination. Schuch v. Rogers (1996), 113 Ohio App.3d 718, 720. Accordingly, we apply the same standard for summary judgment as the trial court. Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6, 8.
Summary judgment is proper when, looking at the evidence as a whole, (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party. Civ.R. 56(C); Horton v. Harwick Chemical Corp. (1995), 73 Ohio St.3d 679,686-87. To make this showing the initial burden lies with the movant to inform the trial court of the basis for the motion and identify those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. Those portions of the record include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action. Civ.R. 56(C).
We find the reasoning in Shutrump v. Mill Creek Metro. ParkDist. (Apr. 2, 1998), Mahoning App. No. 97 C.A. 40, unreported, persuasive and we choose to model our opinion in a similar fashion. R.C. 1533.181 gives owners of premises held open to the public for recreational use immunity from liability for injuries sustained by persons using the premises. R.C. 1533.181 reads in pertinent part as follows:
(A) No owner, lessee, or occupant of premises:
 (1) Owes any duty to a recreational user to keep the premises safe for entry or use;
 (2) Extends any assurance to a recreational user, through the act of giving permission, that the premises are safe for entry or use;
 (3) Assumes responsibility for or incurs liability for any injury to person or property caused by any act of a recreational user.
R.C. 1533.18(B) defines a "recreational user" as a person to whom permission has been granted to enter upon premises "to hunt, fish, trap, camp, hike, swim, or engage in other recreational pursuits." (Emphasis added.) Although the statute appears to apply only to privately held land, the statute has been interpreted to include lands owned by states and municipalities. Johnson v. New London
(1988), 36 Ohio St.3d 60.
The appellants argue that the appellees' defense of immunity fails because Shawn was not a recreational user within the definition of R.C. 1533.18(B). The appellants state that Shawn was merely travelling over the premises, not travelling over the premises to hunt, fish, trap, camp, hike, swim, or engage in other recreational pursuits. Thus, the appellants argue that Shawn was not a recreational user.
We find that whether Shawn was a recreational user is dependent on the essential character of the premises. Miller v.City of Dayton (1989), 42 Ohio St.3d 113, 115. The Supreme Court of Ohio found that "[i]n determining whether a person is a recreational user under R.C. 1533.18(B), the analysis should focus on the character of the property upon which the injury occurs and the type of activities for which the property is held open to the public." Id. at paragraph one of the syllabus. The Court also noted that it has broadly construed the phrase "other recreational pursuits." Id. at 115.
 The existence of statutory immunity does not depend upon the specific activity pursued by the plaintiff at the time of plaintiff's injury. Rather, the inquiry should focus on the nature and scope of activity for which the premises are held open to the public. The goal is to determine the character of the premises. If the premises qualify as being open to the public for recreational activity, the statute does not require a distinction to be made between plaintiffs depending upon the activity in which each was engaged at the time of injury.
(Emphasis added.) Id. For example, in LiCause v. City of Canton
(1989), 42 Ohio St.3d 109, 110, the Supreme Court held that a person who was injured while walking through a park to watch a softball game was a recreational user because the character of the ball park was that of being open to the public for recreational pursuits.
"These decisions are consistent with the purpose and policy behind Ohio's Recreational User Statute." Shutrump, supra. The intent of the legislation was "to encourage owners of premises suitable for recreational pursuits to open their land to public use without worry of liability." Moss v. Department of NaturalResources (1980), 62 Ohio St.2d 138, 142.
 To draw a distinction between persons based on the activity they were engaged in on the property would defeat the purpose of the legislation. The owners of recreational property, including parks, would be exposed to liability based not on the purpose for which the park is held open to the public, but based on each individual's purpose for using the property.
 If the test were activity based, the owners of such premises would have no reasonable way of ensuring their immunity. Consequently, this would defeat the legislative intent of the Ohio's Recreational User Statute and perhaps, provide a disincentive for owners of such premises to open them up to the public for the recreational use of all people on a zero cost basis.
 Shutrump, supra.
We must now inquire as to the nature and scope of activity for which the premises in question were held open to the public. According to the Affidavit of Timothy Brugeman, Director/Secretary of the Hancock Park District, which was attached to the Defendant's Motion for Summary Judgment, the Great Karg Gas Well premises is commonly used by members of the public for walking, running, fishing, and biking. It is irrelevant that Shawn was using the premises to retrieve his brother. Shawn entered the premises on his bicycle, rode his bicycle to the river embankment, and walked down and up the embankment without paying a fee to utilize the premises.
We find that the premises qualify as being open to the public for recreational activities, including walking and bike riding. Thus, for purposes of R.C. 1533.181 and according to the nature and scope of the premises, Shawn was a recreational user entitling the appellees to immunity. Therefore, the appellants' second assignment of error is without merit.
Accordingly, we find that the appellants' first assignment of error is rendered moot as we have found that the appellees are immune from liability pursuant to R.C. 1533.181. The judgment of the trial court is hereby affirmed.
Judgment affirmed.
 BRYANT, P.J., and WALTERS, J., concur.
[1] See also the Affidavit of Timothy P. Brugeman, Director/Secretary of the Hancock Park District.
[2] Hancock County Board of Commissioners asked the Hancock Park District to maintain the Karg Well Historic Site.
[3] In their amended complaint, the appellants allege that the Hancock County Human Services Department paid Shawn's medical bills.