DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from the grant of summary judgment issued by the Huron County Court of Common Pleas in a slip and fall case. Because we conclude that the trial court properly granted summary judgment, we affirm.
 {¶ 2} In June 2000, appellant, Edsel Gullett sustained injuries when he fell off some steps which were adjacent to the boat ramp at the Willard Reservoir, Ohio, where Gullett went fishing with his grandson. Willard Reservoir, which is open to the public, is located in Willard, Ohio; the city charges no fees for use of the park or the boat ramp. Appellant and his wife, Doris B. Gullett, filed suit against appellees, Willard Reservoir, the city of Willard, and Rankin Manufacturing Company. The city of Willard moved for and was granted summary judgment on the basis that R.C. 1533.181 provides the city with immunity from liability to recreational users of municipal property.
 {¶ 3} Appellants now appeal that judgment setting forth the following three assignments of error:
 {¶ 4} "I. The trial court erred to the prejudice of the appellants by denying appellants an extension in which to conduct additional discovery.
 {¶ 5} "II. A trial court should not consider a pending motion for summary judgment immediately following the refusal of a 56(F) motion filed in response to the motion for summary judgment.
 {¶ 6} "III. The trial court incorrectly based its grant of immunity on R.C. 1533. 181 which provides immunity for private land owners and not public entities, therefore, summary judgment was inappropriate."
 I. {¶ 7} We will first address appellants' third assignment of error, in which they contend that the trial court erred in granting summary judgment based on the immunity statute which applies to recreational use property.
 {¶ 8} R.C. 1533.181 provides:
 {¶ 9} "(A) No owner, lessee, or occupant of premises:
 {¶ 10} "(1) Owes any duty to a recreational user to keep the premises safe for entry or use:
 {¶ 11} "2) Extends any assurance to a recreational user, through the act of giving permission, that the premises are safe for entry or use;
 {¶ 12} "(3) assumes responsibility for or incurs liability for any injury to person or property caused by any act of a recreational user.
 {¶ 13} "(B) Division (A) of this section applies to the owner, lessee, or occupant of privately owned, nonresidential premises, whether or not the premises are kept open for public use and whether or not the owner, lessee, or occupant denies entry to certain individuals."
 {¶ 14} The Supreme Court of Ohio extended the relief afforded by R.C. 1533.181 to municipalities. LiCause v. Canton (1989),42 Ohio St.3d 109, at the syllabus, citing to Johnson v. New London
(1988), 36 Ohio St.3d 60.[1] Thus, a person who enters or uses municipal land which is held open to the general public free of charge for recreational pursuit is a recreational user as defined by R.C. 1533.18. See LiCause, supra and Johnson, supra. If such recreational user is injured while engaged in recreational pursuit on such land, the municipality is immune from suit due to the exemption from liability to recreational users in R.C. 1533.181. LiCause v. Canton (1989),42 Ohio St.3d 109, syllabus; Miller v. Dayton (1989), 42 Ohio St.3d 113,116.
 {¶ 15} In Miller v. Dayton (1989), 42 Ohio St.3d 113, 114, the Ohio Supreme Court held that, "in determining whether a person is a recreational user under R.C. 1533.18(B), the analysis should focus on the character of the property upon which the injury occurs and the type of activities for which the property is held open to the public." The court in Miller further held that "the existence of statutory immunity does not depend upon the specific activity pursued by the plaintiff at the time of the plaintiff's injury. Rather, the inquiry should focus on the nature and scope of activity for which the premises are held open to the public." Id. at 115. The Miller court explained:
 {¶ 16} "Generally speaking, recreational premises include elements such as land, water, trees, grass, and other vegetation. But recreational premises will often have such features as walks, fences and other improvements. The significant query is whether such improvements change the character of the premises and put the property outside the protection of the recreational-user statute. To consider the question from a different perspective: Are the improvements and man-made structures consistent with the purpose envisioned by the legislature in its grant of immunity? In other words, are the premises (viewed as a whole) those which users enter upon "* * * to hunt, fish, trap, camp, hike, swim, or engage in other recreational pursuits?" Id. at 114-115.
 {¶ 17} In this case, the steps were provided as a means of access to fishing or other recreational uses of the reservoir park area. In our view, this use falls squarely within the purview of the immunity afforded by R.C. 1533. 181. Therefore, the trial court properly found that the city of Willard was immune from suit for Gullett's recreational use of the property.
 {¶ 18} Accordingly, appellants' third assignment of error is not well-taken.
 II. {¶ 19} We will now address appellants' first and second assignments of error. In their first assignment of error, appellants argue that the trial court improperly denied their Civ.R. 56(F) motion for an extension of time in which to conduct additional discovery. Appellants, in their second assignment of error, contend that the trial court erred in ruling on appellee's motion for summary judgment closely after it denied their Civ.R. 56(F) motion.
 {¶ 20} "In discovery practices, the trial court has a discretionary power not a ministerial duty." State ex rel. Daggett v.Gessaman (1973), 34 Ohio St.2d 55, 57. Thus, the standard of review of a trial court's decision in a discovery matter is whether the court abused its discretion. Mauzy v. Kelly Servs., Inc. (1996), 75 Ohio St.3d 578,592. A trial court's discovery decision will be reversed only if it "extinguishes a party's right to discovery" and "affects the discovering party's substantial rights." Id., citing to Rossman v. Rossman (1975),47 Ohio App.2d 103.
 {¶ 21} In this case, the trial court noted that appellants first failed to provide necessary affidavits in support of their Civ.R. 56(F) motion and later failed to provide any reasons for additional discovery which would have affected the undisputed facts pertinent to the immunity issue. Since we have already determined that the city of Willard was properly afforded immunity, we agree with the trial court that based upon the undisputed facts presented, any further discovery would be irrelevant to the suit against the city. Therefore, we cannot say that the trial court abused its discretion in denying appellants' Civ.R. 56(F) motion for additional discovery.
 {¶ 22} As for appellants' second assignment of error, we can find nothing in the record to indicate that the trial court violated any procedural rules in granting appellants' motion for summary judgment. Therefore, we can find no error in the trial court's timing in ruling on appellee's motion for summary judgment.
 {¶ 23} Accordingly, appellants' first and second assignments of error are not well-taken.
 {¶ 24} The judgment of the Huron County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellants.
JUDGMENT AFFIRMED.
Peter M. Handwork, P.J., Judith Ann Lanzinger, J., and Arlene Singer,J., CONCUR.
[1] We are aware that the Supreme Court of Ohio recently examined the application of R.C. 1533.181 in a case involving a municipal park. SeeRyll v. Columbus Fireworks Display Co., Inc, 95 Ohio St.3d 467,2002-Ohio-2584. Although, the court did not find that R.C. 1533.181
released the city from liability, it did not overrule Johnson or LiCause, supra. Likewise, it did not rule that R.C. 2744 et seq. provides the only means to establish immunity for political subdivisions. Therefore, R.C. 1533.181 is still applicable to provide immunity to municipalities from tort liability for recreational use of municipal property.