## MUSKOVITZ v. THE SUN UNDERWRITER'S AGENCY OF THE SUN INSURANCE COMPANY.

*Fire insurance—Ignorance of contract provisions—Severable risks —Unconditional-ownership clause—Conditional-sales contract and chattel mortgage.*

1. Ignorance of the contents of a contract signed will not relieve a party from its effect.
2. A policy of insurance containing the clause "this entire policy shall be void" on certain named conditions is not a severable risk, although the amount of insurance is distributed among different classes of property.
3. An insurance policy provided that the entire policy should be void if the interest of the insured was otherwise than the unconditional and sole ownership of the property, or if it was encumbered by a chattel mortgage. These were reasonable provisions.
4. A conditional-sales contract and a chattel mortgage were in force upon certain insured personal property, without the knowledge of the insurance company, *Held*: That the insured could not recover upon said policy in case of loss.

(Decided October 16, 1913.)

ERROR: Court of Appeals for Mahoning county.

POLLOCK, J.; METCALFE and NORRIS, JJ., concurring.

The plaintiff in error, H. E. Muskovitz, brought this suit in the court below on a policy of fire insurance which he claims the defendant issued to him in the sum of $700 on certain personal property. He says that he performed all the conditions on his part to be performed, and that during the life of this policy the property insured was totally destroyed by fire, and he asks judgment for that amount. The policy shows that this insurance was

issued on several articles of plaintiff's personal property, to-wit: $200 on an ice chest; $200 on blocks, saws, knives and butcher's tools; $200 on scales and counter, and $100 on shelving.

To this petition there was an answer filed which admits that the defendant issued the policy and admits that the property insured was destroyed as alleged in the petition; and then answering says that the policy contained the following provision:

"This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject-matter thereof, or if the interest of the insured in the property be not truly stated thereon."

And another provision that:

"This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if the interest of the insured be other than unconditional and sole ownership, or, if personal property and be or become encumbered by a chattel mortgage."

The defendant further states that the plaintiff was not the sole owner of this property; that the scales had been purchased from The Toledo Computing Scale Company, and it held a conditional-sales contract upon that part of this property; that there was a chattel mortgage on the property at the time the policy was issued, probably on the ice chest, and that these facts were unknown to the defendant.

There was a reply filed and the case went to trial. The testimony shows that these allegations of the answer were true, that there was a contract of con-

ditional sale on the scales and that there was a chattel mortgage on the ice chest. It further shows that neither the agent nor the company had any knowledge at the time the insurance was issued, or at any time prior to the fire, of these encumbrances. The first knowledge they had was when a party holding one of these liens brought suit against the defendant setting up this insurance, and alleging their interest in the property and asking to be protected.

The plaintiff admits that these liens were on the property, but he seeks to avoid the enforcement of the conditions of the policy by showing that he was a foreigner, not understanding the English language, and that when he purchased these scales the agent of the company presented some contract to him to sign; that he did not understand or know anything about it except that he would have to pay so much a month on the property, but that he signed that paper. About the same thing occurred as to the mortgage, and because he did not know these provisions were in the policy he seeks to avoid the conditions of the policy.

It is a well-known rule that ignorance of the contents of a contract signed will not relieve a party from its effect. The mere fact that the plaintiff, because he was a foreigner, did not understand the conditions of the paper he signed for the scale company, and did not know that he had encumbered the property by a chattel mortgage, can not affect in any way the rights of the insurance company.

The policy of insurance provided that the entire policy should be void if the interest of the plaintiff was otherwise than the unconditional and sole

ownership of the property or if it was encumbered by a chattel mortgage. This, we think, was a reasonable provision. The company might well refuse to insure property where the party asking for the insurance was not the sole owner or it was encumbered. No claim is made that the company or its agents, at the time it issued this policy, had any knowledge of the conditional sale or of the chattel mortgage that was then on part of the property, and it had a right to stand on this condition of the policy and refuse to pay the loss.

But it is claimed that if it does prevent the recovery of the insurance on the items that were covered by the conditional sale and mortgage, it will not prevent a recovery upon the other items of property insured. This is claimed on the authority of *Coleman & Co.* v. *The New Orleans Ins. Co.*, 49 Ohio St., 310. The trouble with that claim is that the case in 49 Ohio St. is distinguished by the case of *Germania Fire Ins. Co.* v. *Schild*, 69 Ohio St., 136, where the supreme court says:

"An insurance policy which contains a stipulation that 'this entire policy shall be void' on certain named conditions, is not a severable risk, although the amount of insurance is distributed among different classes or articles of property. *Coleman & Co.* v. *Insurance Co.*, 49 Ohio St., 310, distinguished."

The conditions of the policy in the action at bar are identical with the conditions of the policy in *Germania Fire Ins. Co.* v. *Schild, supra*. In *Coleman & Co.* v. *Insurance Co., supra,* the policy provided that "this policy shall be void," while the policy in the case of *Germania Fire Ins. Co.* v.

*Schild* and in the case at bar the language is, "this entire policy shall be void." And for this reason the supreme court holds that it avoids every item insured in the policy.

For this reason the judgment of the court below is affirmed.

*Judgment affirmed.*

*Messrs. Livingstone, George & Livingstone,* for plaintiff in error.

*Mr. W. T. Porter,* for defendant in error.