PIPPIN et al., Appellants,

v.

M.A. HAUSER ENTERPRISES, INC. et al., Appellees.

[Cite as *Pippin v. M.A. Hauser Ent., Inc.* (1996), 111 Ohio App.3d 557.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–95–365.

Decided June 7, 1996.

558

*Thomas M. Connolly,* for appellants.

*Michael A. Bruno* and *Kevin A. Pituch,* for appellee M.A. Hauser Enterprises, Inc.

*Clarence J. Bartunek,* for appellee city of Toledo.

---

MELVIN L. RESNICK, Presiding Judge.

This accelerated case is before the court on appeal from a judgment of the Lucas County Court of Common Pleas, which granted the summary judgment motion of defendant-appellee, the city of Toledo, and the motion to dismiss of defendant-appellee, M.A. Hauser Enterprises, Inc. Plaintiffs-appellants, Carl Pippin, Sr., and Carol Pippin, appeal that judgment and set forth the following assignments of error:

"A. The trial court erred in granting defendant city of Toledo's motion for summary judgment.

"B. The trial court erred in determining as a matter of law that plaintiff was a 'recreational user' under Ohio Revised Code 1533.18 and that the defendant, city of Toledo, was therefore immune from liability.

"C. The trial court erred in determining, as a matter of law, that the fee paid to the city of Toledo was not paid on behalf of plaintiff.

"D. The trial court erred in determining that the plaintiff knowingly signed a waiver and release of liability.

"E. The trial court erred in granting M.A. Hauser's motion to dismiss inasmuch as plaintiff was in the process of serving this defendant by publication."

Due to the fact that this case involves an issue not previously decided by this court, it is hereby placed on the court's regular docket. See Sixth Dist.Loc. App.R. 12(B).

In 1992, C & C Painting, a business owned and operated by Carl Pippin, Sr., paid a $450 sponsor's fee to the city of Toledo for the purpose of permitting a company softball team to participate in the Toledo Amateur Federation, a city softball league. None of the players on the C & C Painting team, including Carl Pippin, Sr., who also played on the team, paid an individual fee. All games were played at Scott Park, a facility operated and maintained by the city of Toledo.

At the time that he paid the fee, Carl Pippin, Sr., was required to sign, in his representative capacity, a written contract agreeing to abide by the rules and regulations of the softball league. In addition, the agreement included a "Player Contract" containing a waiver and release of liability clause that protected the city of Toledo from suit in the event that one of the players was injured during a softball game. A space for the signature of each player was provided in this portion of the contract.

On July 28, 1992, Carl Pippin fractured his leg during a softball game when, as he was sliding into second base, his foot went into a hole under the base. The base, known as "Saf–T–Slider," was manufactured by M.A. Hauser Enterprises, Inc. ("Hauser").

On July 27, 1994, Carl Pippin, Sr., and his spouse, Carol Pippin, filed suit against appellees. They alleged that the base manufactured by Hauser was defectively designed and/or failed to adequately warn of the dangers of the product. The Pippins also claimed that the city of Toledo was negligent in its maintenance of the playing field and that this negligence was a proximate cause of Carl Pippin's injury.

Appellants attempted service of process on Hauser by means of certified mail to a post office box in California. This service was returned marked "BOX CLOSED, UNABLE TO FORWARD, RETURN TO SENDER." Appellants then sent notice per certified mail to a California address belonging to a corporation having no relationship with or connection to Hauser. Due to this insufficiency of service of process, Hauser filed, on April 19, 1995, a motion to dismiss pursuant to Civ.R. 12(B)(5). In July 1995, appellants filed an affidavit and proposed notice to be used in serving process on Hauser by means of publication. No evidence that notice by publication was actually attempted or achieved is in the record of this case.

The city of Toledo answered the complaint and, on June 9, 1995, filed a motion for summary judgment. The city asserted that no genuine issues of material fact existed on the questions of (1) whether the city was immune from liability because Carl Pippin, Sr., was a "recreational user" of the park facilities within the meaning of R.C. 1533.18(B), (2) whether, by engaging in a sports activity, Carl Pippin, Sr., assumed the ordinary risks of the activity and could not recover because the city's conduct was not reckless or intentional, and (3) whether Carl

Pippin, Sr., signed a written waiver and release of liability at the time he signed the contract.

On November 1, 1995, the trial court granted Hauser's motion to dismiss and the city's motion for summary judgment. The court based the grant of summary judgment on R.C. 1533.18(B) and on the fact that Pippin signed a waiver and release of liability.

In Assignments of Error A, B and C, appellants assert that the trial court erred in granting summary judgment on the ground that Pippin was a recreational user. Appellants contend that facts offered in the present case create a factual dispute as to whether Pippin was a "recreational user" within the meaning of the statute because C & C Painting was required to pay a fee to the city in order to participate in the softball league.

Summary judgment is a method for promptly disposing of actions in which there is no genuine issue of material fact. *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 2, 24 O.O.3d 1, 1–2, 433 N.E.2d 615, 616. Civ.R. 56(C) provides that when a party moves for summary judgment, it shall be rendered if:

" * * * the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

It is undisputed that the baseball diamond where Pippin was injured is one of four such diamonds located in a city or municipal park. Therefore, the city of Toledo had a statutory duty to maintain that park. See R.C. 723.01.. Nevertheless, R.C. 1533.181 provides that the owner or occupant of recreational premises owes no duty to a recreational user to keep the premises safe. Properties owned and maintained by the state, a political subdivision, or a board of education are premises within the meaning of the statute. *Johnson v. New London* (1988), 36 Ohio St.3d 60, 64, 521 N.E.2d 793, 797. Thus, R.C. 1533.18(B) affords statutory immunity to municipalities from negligent maintenance actions brought by recreational users injured at municipal parks. *LiCause v. Canton* (1989), 42 Ohio St.3d 109, 537 N.E.2d 1298, syllabus.

A recreational user is "a person to whom permission has been granted, without the payment of a fee or consideration to the owner, lessee, or occupant of

premises, * * * to hunt, fish, trap, camp, hike, swim, or engage in other recreational pursuits." R.C. 1533.18(B). Softball is a "recreational pursuit" within the meaning of the statute. *Miller v. Dayton* (1989), 42 Ohio St.3d 113, 115, 537 N.E.2d 1294, 1296–1297.

■ The issue raised by appellants is one of first impression in this district and was not, as asserted by appellees, directly decided in *Miller*. In *Miller*, Robert Miller was injured when sliding into second base during a softball tournament. Miller's team was required to pay a $200 fee to an unknown sponsor in order to enter the tournament. The tournament was held in a municipal park. Miller sued the city of Dayton. Pursuant to the recreational user statutes, the trial court granted Dayton's motion for summary judgment. The court of appeals reversed. On appeal to the Ohio Supreme Court, the fact that a fee was paid to the tournament sponsor was raised with regard to the issue of whether that sponsor was an "occupant" within the meaning of R.C. 1533.18(B) of the park for the purpose of taking Miller outside the ambit of the recreational user statutes. *Id.*, 42 Ohio St.3d at 115–116, 537 N.E.2d at 1296–1297. The *Miller* court rejected this contention, finding that the city of Dayton was the "owner, lessee or occupant" of the park. Thus, the question of whether a fee paid by a sponsor to a municipality prevents application of the recreational user statute was not decided by the Ohio Supreme Court.

In reaching its decision in the instant case, the trial court relied on *Dinarda v. Louisville* (July 15, 1991), Stark App. No. CA–8415, unreported, 1991 WL 136101, to find that the payment of a fee by a team sponsor to a municipality does not affect the status of individual members of that team as "recreational users." The *Dinarda* court reasoned that the fee was paid to allow the sponsored team, regardless of composition, to play in the softball league. That is, the fee was not for the purpose of allowing individual players to use the municipality's field for a recreational use. *Id.*

Our research discloses another appellate district that used similar reasoning to reach the same conclusion. *Dowdell v. Eastlake* (Aug. 10, 1990), Lake App. No. 89–L–14–121, unreported, 1990 WL 117083. However, the Cuyahoga County Court of Appeals came to the opposite conclusion. *Nowak v. Ries* (Dec. 19, 1991), Cuyahoga App. No. 59276, unreported, 1991 WL 271353. In what is essentially *dicta* (the trial court's judgment was affirmed on other grounds), the Eighth Appellate District determined that the injured softball player could not have used the city of Parma's softball field absent the payment of a fee to the city by the team sponsor. For the following reason, we do not find the reasoning in *Nowak* persuasive.

In reversing the court of appeals, the *Miller* court held that, in determining an individual's status as a recreational user, "the analysis should focus on the

character of the property upon which the injury occurs and the type of activities for which the property is held open to the public." *Id.* at syllabus. The nature of the property in this case is, admittedly, a municipal park. There is no evidence in the record from which one could infer that Pippin as an individual, could not have utilized the softball facilities without the payment of a fee. The evidence offered in this case reveals only that the fee in question in this case was a sponsor's fee that permitted a C & C Painting team to join a league. That is, the fee was not required for any specific team member to make use of the park's recreational facilities. Accordingly, we find that the trial court did not err in finding that no genuine issue of material fact exists as to whether Pippin was a recreational user and that reasonable minds could only conclude that the city was immune from liability pursuant to R.C. 1533.181.

Assignments of Error A, B, and C are found not well taken.

■ Assignment of Error D challenges the grant of summary judgment on the basis that Pippin knowingly signed a waiver and release of liability thereby precluding him from recovering damages from the city of Toledo that resulted from his softball injury. Appellants assert two arguments. First, they argue that no evidence exists to demonstrate that Pippin signed, in his individual capacity as a player, the waiver and release of liability. Second, they maintain that because Pippin avers, by means of affidavit, that he cannot read or write, no evidence exists on the issue of whether he understood what he signed.

■■ Express assumption of the risk occurs when a person expressly contracts with another not to sue for any future injuries caused by the negligence of that second person. *Anderson v. Ceccardi* (1983), 6 Ohio St.3d 110, 114, 6 OBR 170, 174, 451 N.E.2d 780, 783–784. Thus, a participant in a recreational activity is free to contract with the proprietor of that activity to relieve the proprietor of liability for injury to the participant caused by the negligence of the proprietor. *Cain v. Cleveland Parachute Training Ctr.* (1983), 9 Ohio App.3d 27, 28, 9 OBR 28, 29–30, 457 N.E.2d 1185, 1186–1187. In such an instance, the proprietor can be held liable only if its conduct was willful or wanton. *Id.*

In the present case, appellants do not argue that the release of liability clause is ambiguous. Our reading of that clause reveals that it is plain and unambiguous in relieving the city of Toledo from liability for injury to softball players caused by the negligence of the city or its agencies. Thus, with regard to the contract itself, the only question before this court is whether Pippin's claim of a failure to understand the terms of the release creates a question of fact as to whether he is bound by that signed release.

Although it is impossible to read his signature under the "Player Contract" section of the agreement, Pippin declared, in his affidavit:

"2. When I *signed* the Waiver and Release of Liability I was unable to read and write. Further, I did not completely understand this document." (Emphasis added.)

Accordingly, no question of fact exists on the issue of whether Pippin signed the release.

With regard to Pippin's alleged failure to "understand" the release of liability, he testified, in his deposition, that his wife, Carol, read the waiver and release of liability section of the contract to him. The waiver contains such language as "We, the undersigned, hereby declare, assert and affirm that our participation in the * * * Toledo Amateur Federation is done having voluntarily and knowingly assumed the risks involved in the above-stated program * * *." The release also states: "We further certify that we have read and understand the above Waiver and Release of Liability prior to signing."

 A person who signs a contract without making a reasonable effort to know its contents cannot, in the absence of fraud or mutual mistake, avoid the effect of the contract. *Campco Distrib. v. Fries* (1987), 42 Ohio App.3d 200, 203, 537 N.E.2d 661, 664–665, quoting *Indep. Directory Corp. v. Vandenbrock* (Ohio App.1950), 43 O.O. 229, 230–231, 57 Ohio Law Abs. 313, 316–317, 94 N.E.2d 228, 230. This rule is applicable even in cases where the person seeks to avoid the effect of the contract by citing ignorance of the contract's contents or a failure to understand those contents. *Muskovitz v. Sun Underwriter's Agency of Sun Ins. Co.* (1913), 3 Ohio App. 422, 424. See, also, *McAdams v. McAdams* (1909), 80 Ohio St. 232, 241, 88 N.E. 542, 544–545. Therefore, any statement in Pippin's affidavit related to an inability to understand the release is insufficient to raise a question of fact as to whether he can avoid the effect of the release.

Accordingly, we find that the trial court did not err in finding that no question of fact existed on the issue of whether Pippin relieved the city of Toledo of any liability for injury resulting from its negligent conduct by executing a valid waiver and release of that liability. Further, as observed by the trial court, there is no evidence in the record of this case that Pippin's injury was caused by willful or wanton misconduct on the part of the city of Toledo. For these reasons, appellants' Assignment of Error D is found not well taken.

Assignment of Error E asserts that the trial court erred in dismissing the Pippins' case against Hauser for insufficiency of service of process under Civ.R. 12(B)(5) because appellants were attempting to serve this defendant by means of publication.

Hauser's motion to dismiss for insufficiency of service of process could be premised only on Civ.R. 3(A), which requires service of process upon a named defendant within one year after the filing of a complaint. Hauser's motion to

dismiss was filed less than one year after appellants filed their complaint. Nevertheless, process was not served on Hauser by the time the trial court entered judgment, some fifteen months after appellants filed their complaint. Thus, we shall consider Hauser's motion to be simply premature.

Effective service of summons is a requisite to the commencement of a cause of action. *Lash v. Miller* (1977), 50 Ohio St.2d 63, 4 O.O.3d 155, 362 N.E.2d 642. It is undisputed in this case that certified mail service, as required by Civ.R. 4.3(B)(1), on Hauser failed and that, even if proper, service by publication was not achieved. Such failure of proper service is not a minor, hypertechnical violation of the Civil Rules. *Cleveland v. Ohio Civ. Rights Comm.* (1988), 43 Ohio App.3d 153, 157, 540 N.E.2d 278, 281–282. Rather, the service failed to satisfy the due process requirements afforded by proper service, See *Mullane v. Cent. Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873, and deprived the trial court of personal jurisdiction over Hauser, *State ex rel. Ballard v. O'Donnell* (1990), 50 Ohio St.3d 182, 183, 553 N.E.2d 650, 651–652. Consequently, the trial court did not err in dismissing appellants' cause of action against Hauser. Appellants' Assignment of Error E is found not well taken.

The judgment of the Lucas County Court of Common Pleas is affirmed. Carl and Carol Pippin are ordered to pay the costs of this appeal.

*Judgment affirmed.*

ABOOD and SHERCK, JJ., concur.