DECISION AND JOURNAL ENTRY
Appellant Robert W. Berry appeals a judgment of the Summit County Court of Common Pleas that stayed the proceedings below and compelled arbitration. This Court reverses.
In 1994, Berry desired to make improvements to his home, located in Bath Township, Summit County, Ohio. To this end, he contacted an architect, who prepared a specifications book ("the spec book"). The spec book contained the drawings and other specifications for the project. The book also contained a blank form contract prepared by the American Institute of Architects ("the AIA contract") that contained a provision for arbitration that read in relevant part:
 10.8 All claims or disputes between the Contractor and the Owner arising out of or relating to the Contract, or the breach thereof, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect unless the parties mutually agree otherwise and subject to an initial presentation of the claim or dispute of the Architect as required under Paragraph 10.5. Notice of the demand for arbitration shall be filed in writing with the other party to this Agreement and with the American Arbitration Association and shall be made within a reasonable time after the dispute has arisen. * * * The agreement herein among the parties to the Agreement and any other written agreement to arbitrate referred to herein shall be specifically enforceable under applicable law in any court having jurisdiction thereof.
(Emphasis in original.) According to Berry, he and the architect initially contemplated using a general contractor, who would later complete the AIA contract with Berry. It was later decided that a project manager would be used instead.
In April 1996, Berry met with appellee Kevin Sunde, the president of appellee MGM Landscape Contractors, Inc. ("MGM").[1] Sunde provided a written estimate for the work that was anticipated, based on the drawings in the spec book. The parties signed a contract for the work, based on the estimate, with the work to be performed "per plan."[2]
Later in 1996, the parties began to have disagreements about the work performed by MGM, and Berry refused to pay part of the bill for MGM's services. After filing a mechanic's lien on Berry's house, MGM filed a complaint in the Summit County Court of Common Pleas to foreclose on the lien. Berry answered and counterclaimed against MGM; Berry also filed a third-party complaint against Sunde and other parties. The appellees answered Berry's respective claims in a single pleading.
On February 11, 1998, two other third-party defendants were granted summary judgment by the trial court. However, on March 24, 1998, these two parties who were granted summary judgment moved to compel Berry to produce certain documents. On April 9, 1998, despite these parties' absence from the case, the trial court granted the motion to compel. Thereafter, Berry provided the appellees with a copy of the AIA contract. The appellees claim that this was the first time that they became aware of the AIA contract and its provisions.
On April 16, 1998, the appellees moved for summary judgment. The trial court denied the motion on May 6, 1998.
On October 15, 1998, the appellees moved to stay the proceedings and to compel arbitration. The appellees argued that the arbitration provision in the AIA contract was binding on the parties and that all claims should be referred to arbitration. Berry opposed the motion, which was heard by a magistrate.
On November 13, 1998, the magistrate issued a decision, recommending that the motion to stay and to compel arbitration be granted, except as to Berry's claim for slander of title and MGM's claim on the mechanic's lien. Berry objected to the magistrate's decision. The trial court adopted the magistrate's decision on December 30, 1998.[3]
Berry timely appeals, asserting four assignments of error.
 Assignment of Error No. IV THE TRIAL COURT ERRED IN ADOPTING THE MAGISTRATE'S DECISION WHICH HELD THAT APPELLEES ASSUMING A RIGHT TO ARBITRATE EXISTED DID NOT WAIVE THEIR RIGHT TO ARBITRATE THE DISPUTE BETWEEN THE PARTIES BY LITIGATING THE MATTER IN THE TRIAL COURT FOR (2) TWO YEARS AND BY FAILING TO SEEK ARBITRATION WHEN APPELLES [sic] KNEW OF THEIR RIGHT TO ARBITRATE.
The fourth assignment of error will be addressed first. Berry argues that the trial court erred in adopting the magistrate's decision to stay proceedings and to compel arbitration because appellees waived any right to arbitrate. He contends that, assuming that a valid agreement to arbitrate existed, appellees waived the right to arbitrate by acting inconsistently with that right, namely, by pursuing the present litigation for two years. This Court agrees.
The law of Ohio favors arbitration as an alternative method of dispute resolution. See, e.g., Kelm v. Kelm (1993), 68 Ohio St.3d 26,27.
 Pursuant to R.C. 2711.02, a court may stay trial of an action "on application of one of the parties" if (1) the action is brought upon any issue referable to arbitration under a written agreement for arbitration, and (2) the court is satisfied the issue is referable to arbitration under the written agreement. When a party does not properly raise the arbitration provision of a contract before the trial court, he is deemed to have waived arbitration.
 Austin v. Squire (1997), 118 Ohio App.3d 35, 37, citing Jonesv. Honchell (1984), 14 Ohio App.3d 120, 122.
[A] plaintiff's waiver may be effected by filing suit. When the opposite party, the potential defendant, is confronted with a filed lawsuit, the right to arbitrate can be saved by seeking enforcement of the arbitration clause. This is done under R.C. 2711.02 by application to stay the legal proceedings pending the arbitration. Failure to move for a stay, coupled with responsive pleadings, will constitute a defendant's waiver.
(Footnotes omitted.) Mills v. Jaguar-Cleveland Motors, Inc.
(1980), 69 Ohio App.2d 111, 113.
In the case at bar, the contract between the parties contained an arbitration provision which was incorporated by reference to the spec book.[4] The contract was signed by the parties in April 1996; appellee MGM filed its complaint in December 1996. Berry's counterclaims against MGM and the cross-claims against appellee Sunde were filed in March 1997; both appellees filed answers to Berry's pleadings. The parties engaged in extensive discovery, including a flurry of motions to compel and motions for protective orders. The appellees moved for summary judgment in April 1998. The motion to stay and to compel arbitration was not filed until October 15, 1998. By engaging in extensive litigation, the appellees have acted in a manner inconsistent with the right to seek arbitration and, therefore, have waived that right.
The appellees contend that they did not waive the right to arbitrate because they only learned of the contents of the AIA contract six months before the motion to stay and to compel arbitration was filed. The appellees argue that because they did not know of their right to arbitrate, they cannot be held to answer for the delay in asserting that right. However, on appeal, appellees have conceded, and in fact have argued strenuously, that the AIA contract found in the spec book was a part of the parties' contract, as formed in April 1996.
 A person who signs a contract without making a reasonable effort to know its contents cannot, in the absence of fraud or mutual mistake, avoid the effect of the contract. The rule is applicable even in cases where the person seeks to avoid the effect of the contract by citing ignorance of the contract's contents or a failure to understand those contents.
(Citations omitted.) Pippin v. M.A. Hauser Ent., Inc.
(1996), 111 Ohio App.3d 557, 564. See, also, ABM Farms, Inc.v. Woods (1998), 81 Ohio St.3d 498, 503. The appellees have not argued that there was fraud or mutual mistake in the formation of the contract. Therefore, the appellees are bound by the terms of the contract, and are deemed to know the provisions of the contract, from its inception. Their claims to the contrary are disingenuous.
This Court concludes that the appellees waived the right to compel arbitration. The fourth assignment of error is sustained.
 Assignment of Error No. I THE TRIAL COURT ERRED IN ADOPTING THE MAGISTRATE'S DECISION GRANTING APPELLEES' MOTION TO STAY AND COMPELLING ARBITRATION OF THE DISPUTE BETWEEN APPELLANT, ROBERT W. BERRY, AND APPELLEES, MGM LANDSCAPE CONTRACTORS, INC., AND KEVIN SUNDE.
 Assignment of Error No. II THE TRIAL COURT ERRED IN ADOPTING THE MAGISTRATE'S DECISION COMPELLING ARBITRATION IN CONTRAVENTION OF OHIO REVISED CODE SECTION 2711.01(B)(1) WHICH PROVIDES THAT THE OHIO ARBITRATION ACT DOES NOT APPLY TO CONTROVERSIES INVOLVING TITLE TO REAL ESTATE.
 Assignment of Error No. III THE TRIAL COURT ERRED IN ADOPTING THE MAGISTRATE'S DECISION WHICH HELD THAT A CONTRACT CONTAINING A VALID ARBITRATION PROVISION EXISTED BETWEEN APPELLANT, ROBERT W. BERRY, AND APPELLEES, MGM LANDSCAPE CONTRACTORS, INC. AND KEVIN SUNDE.
Berry's first, second, and third assignments of error relate to the validity and applicability of the arbitration clause in the AIA contract. However, given the disposition of the fourth assignment of error, these assignments of error are moot and are overruled accordingly.
Berry's first, second, and third assignments of error are overruled. Berry's fourth assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellees.
Exceptions.
DONNA J. CARR FOR THE COURT BAIRD, P.J., CONCURS, SLABY, J.CONCURS IN JUDGMENT ONLY
[1] Sunde and MGM will be referred to collectively as "the appellees."
[2] The parties dispute whether Sunde received a copy of the spec book at that time.
[3] The trial court's order was later amended nunc pro tunc, in response to an order of this Court regarding the adoption of the magistrate's decision. Berry's motion to supplement the record with the trial court's nunc pro tunc order of October 15, 1999, is granted.
[4] In his other three assignments of error, Berry contends that the arbitration clause is invalid or inapplicable. However, for purposes of the analysis of this assignment of error, this Court will assume, without deciding, that the arbitration clause is in fact valid and applicable.