DECISION AND JOURNAL ENTRY
Daniel Inchaurregui appeals from the decision of the Lorain County Court of Common Pleas granting Ford Motor Company's motion for summary judgment. This Court affirms.
Inchaurregui sustained an injury to his back and left shoulder while working at Ford Motor Co. ("Ford") on or about August 12, 1982. He filed a claim for workers' compensation benefits, which was designated as Claim No. 796969-22. While that claim was pending before the Industrial Commission, Inchaurregui initiated a second workers' compensation claim against Ford on April 23, 1997 for an injury to his hand and wrist.[1] The symptoms of this injury dated back to 1993 and it was medically diagnosed on May 4, 1995. The second claim forms the basis for this appeal.
With the advice of counsel, Inchaurregui entered into a settlement agreement with Ford on June 5, 1997. The document was signed by Ford's counsel on June 11, 1997, and filed with the Industrial Commission on June 12, 1997.
On June 18, 1997, Inchaurregui filed the claim based upon the hand and wrist condition. This claim was designated as Claim No. 97-41750. On August 18, 1997, the district hearing officer of the Industrial Commission determined that she was "without jurisdiction to consider the allowance of the claim pursuant to the lump sum settlement agreement." Two levels of administrative appeals affirmed this position. Inchaurregui appealed to the Lorain County Court of Common Pleas, and Ford moved for summary judgment pursuant to Civ.R. 56, with Ford arguing that the settlement applied to both workers' compensation claims. The trial court granted summary judgment in favor of Ford, ruling that the settlement agreement was not ambiguous and that it included both workers' compensation claims.
Inchaurregui timely appeals, assigning one assignment of error.
 The Trial Court erred in granting Ford's motion for summary judgment for the following reasons. First, the Court failed to view the evidence in a light most favorable to the nonmoving party. Second, the Court failed to interpret ambiguities in the written agreement in favor of the non-drafting party. Third, Ford gave no consideration for the purported release of Appellant's hand/wrist claim. Fourth, there was a genuine issue of material fact regarding the scope of the settlement.
 Inchaurregui avers that summary judgment was improper because the agreement is ambiguous on its face. When the agreement is read in a light most favorable to the nonmoving party, Inchaurregui argues, it does not include Inchaurregui's hand and wrist claim. Inchaurregui reasons that the agreement could not apply to the hand and wrist claim because there was no consideration for that claim. This Court disagrees.
Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Because summary judgment is a procedural device to terminate litigation, it must be awarded with caution and doubts must be resolved in favor of the nonmoving party. Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
There is no factual dispute regarding the authenticity of the settlement agreement. The initial issue is whether, as the trial court found, the agreement is unambiguous. "The decision as to whether a contract is ambiguous and thus requires extrinsic evidence to ascertain its meaning is one of law." Ohio HistoricalSoc. v. General Maintenance (1989), 65 Ohio App.3d 139, 146. If a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined. See, generally, Alexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241
. A court will not construe language that is clear and unambiguous on its face. Logsdon v. Fifth Third Bank of Toledo
(1994), 100 Ohio App.3d 333, 339, appeal not allowed (1995),72 Ohio St.3d 1552. It is only when an ambiguity is determined that the meaning of words used becomes a question of fact. OhioHistorical Soc., supra, at 146. Conversely, "[i]f no ambiguity appears on the face of the instrument, parol evidence cannot be considered in an effort to demonstrate such an ambiguity."Shifrin v. Forest City Ent., Inc. (1992), 64 Ohio St.3d 635, 638, citing Stony's Trucking Co. v. Pub. Util. Comm. (1972), 32 Ohio St.2d 139,142.
A court may not create a construction contrary to the plain terms of a written agreement.
 Where the parties following negotiation make mutual promises which thereafter are integrated into an unambiguous contract duly executed by them, courts will not give the contract a construction other than that which the plain language of the contract provides.
Aultman Hosp. Assn. v. Community Mut. Ins. Co. (1989),46 Ohio St.3d 51, syllabus. Rather, "the court must give effect to the language of the contract." Seringetti Constr. Co. v.Cincinnati (1988), 51 Ohio App.3d 1, 4, citing MinnesotaMining Mfg. Co. v. Blume (S.D.Ohio 1978), 533 F. Supp. 493, affirmed (C.A.6, 1982), 684 F.2d 1166, certiorari denied (1983), 460 U.S. 1047 and 461 U.S. 939.
This Court finds that the settlement agreement is clear and unambiguous on its face. The settlement agreement purports to be a "final settlement of claims." It "includes but is not limited to" Claim No. 796969-22. The settlement agreement further states that the agreement is in:
 full satisfaction release and discharge of all claims, demands or causes of action which the claimant may now have or may hereafter have against the employer * * * including but not by way of limitation, claims * * * arising out of or in any way connected with any disability now existing or hereafter developing as a result of any injury received or any occupational disease or exposure contracted by the claimant, filed or unfiled, on or about the date of injury or disease captioned above, or at any other time prior to the date to the signing of this settlement by the claimant. * * * The following claims are excluded from this settlement: NONE. (Emphasis added.)
 This Court finds that the agreement is a final settlement of "all claims demands or causes of action" that Inchaurregui had against Ford at the time of the execution of the agreement. Such a holding must necessarily include Inchaurregui's second workers' compensation claim signed just weeks prior to the settlement agreement and relating to conditions existing for nearly four years.
Inchaurregui argues that the agreement is ambiguous because it variously refers to the word "claim" in the singular and plural and that the agreement only references one claim number, the claim for the back and shoulder injury. However, the only singular usage of "claim" is in the body of the agreement and references the specific claim number of Inchaurregui's first workers' compensation claim. At the time of the execution of the settlement agreement only Inchaurregui's first application for workers' compensation had been assigned a claim number. In support, Inchaurregui also points to the caption, which refers to "Claim Nos. 796969-22," under the heading "Final Settlement of Claims." This Court is not persuaded. The reference fails to create an ambiguity that would alter the express language in the body of the agreement.
A court must read the contract as a whole to avoid abstract interpretation. In construing an agreement, this Court must attempt to give effect to each and every part of it, and avoid any interpretation of one part that will annul another part. FosterWheeler Enviresponse, Inc. v. Franklin Cty. Convention FacilitiesAuth. (1997), 78 Ohio St.3d 353, 363. A plain reading of the settlement agreement requires a conclusion that Inchaurregui knew or should have known the settlement was for "all claims" that he had pending against Ford at that point in time. A contrary interpretation would require this Court to ignore the plain language that the agreement "includes but is not limited to the claims captioned above." Further, it would require this Court to ignore the plain language that the settlement was in "full satisfaction release and discharge of all claims demands or causes of action" arising out of "any disability now existing or hereafter developing as a result of any injury * * * filed orunfiled, * * * at any other time prior to the date to the signing of this settlement by the claimant." (Emphasis added.) Finally, it would require this Court to ignore the final sentence of the agreement: "The following claims are excluded from this settlement: NONE." To do so would violate a principal tenet of contract construction that requires that common words appearing in an instrument be given their ordinary meaning. See Alexander,supra, at paragraph two of the syllabus.
Inchaurregui also claims, in his affidavit, that he did not intend to include his second claim in the settlement agreement, that he was never told and did not understand that the agreement would affect his second claim. The Ohio Supreme Court has stated that "[a] person of ordinary mind cannot be heard to say that he was misled into signing a paper which was different from what he intended, when he could have known the truth by merely looking when he signed." McAdams v. McAdams (1909), 80 Ohio St. 232,240-241. In the absence of fraud or mutual mistake, a party cannot avoid a contract that he signs because of ignorance of its provisions. See Pippin v. M.A. Hauser Enterprises, Inc. (1996),111 Ohio App.3d 557, 564. Furthermore, "[i]ntentions not expressed in the writing are deemed to have no existence and may not be shown by parol evidence." Aultman, supra, at 53 citingCharles A. Burton, Inc. v. Durkee (1952), 158 Ohio St. 313, at paragraph two of the syllabus. "Parol evidence is admissible only if the terms of the contract are judged ambiguous and then only to interpret, but not to contradict, the express language." OhioHistorical Soc., supra, at 146, citing Blosser v. Enderlin
(1925), 113 Ohio St. 121. In Burton, Inc. v. Durkee (1952),158 Ohio St. 313, paragraph two of the syllabus, the Ohio Supreme Court held:
 Where parties, following negotiations, make mutual promises which thereafter are integrated into an unambiguous written contract, duly signed by them, the parol evidence rule excludes from consideration evidence as to other oral promises resulting from such negotiations.
 Where, as in the instant case, the express language is clear, there is no need to go beyond the face of the document, and parol evidence cannot be considered in an effort to demonstrate such an ambiguity.
Shifrin, supra, at 638.
It is not the responsibility or function of this Court to rewrite the parties' contract in order to provide for a more equitable result. Aultman, supra, at 54-55. A contract does not become ambiguous by reason of the fact that in its operation it may work hardship upon one of the parties thereto. Aultman, supra
at 55. This Court has previously stated that "[c]ourts uphold the principle that a contracting party may not repudiate a promise solely because that party later becomes dissatisfied with the bargain." Fairway Assoc. v. Lesnick (April 16, 1997), Summit App. No. 17840, unreported.
Inchaurregui also argues that there was no consideration for the release of the hand and wrist claim. This argument presupposes the conclusion Inchaurregui seeks, that is, that the consideration stated in the settlement agreement applied only to the claim for the back and shoulder injury. Because this Court has decided that the agreement is not ambiguous, and that it applies to "all claims," it follows that the consideration is for all claims including the hand and wrist claim. In general, a court "will not inquire into the adequacy of consideration once consideration is said to exist." Rogers v. Runfola Assoc.,Inc. (1991), 57 Ohio St.3d 5, 6.
Accordingly, this Court finds that the settlement agreement is not ambiguous and that the trial court did not err in finding that there is no genuine issue of material fact to be determined. The judgment of the court of common pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 _________________________ DONNA J. CARR
BAIRD, P.J., WHITMORE, J., CONCUR.
[1] Inchaurregui signed and dated this claim form on April 23, 1997. It was filed on June 18, 1997.