DECISION AND JUDGMENT ENTRY
{¶ 1} Theresa Boggs seeks an accelerated appeal of the decision of the Wood County Court of Common Pleas, which granted the city of Bowling Green's motion for summary judgment. Because we conclude that the trial court did not err in its determination that Bowling Green owed no duty to Boggs, we affirm the decision.
 {¶ 2} Theresa Boggs plays left field for the Corner Grill women's softball team in a league that plays its games at Carter Park in Bowling Green, Ohio. During the second half of a double-header on May 14, 1998, Boggs injured her ankle sliding into home plate. She was treated in the emergency room and later underwent surgery for the ankle.
 {¶ 3} Boggs sued Bowling Green on theories of negligence and intentional tort. She also alleged that R.C. 2744, the immunity statute, is unconstitutional.[1] Summary judgment, however, was granted to Bowling Green on grounds of the city's immunity from any liability to a recreational user. Boggs appealed and alleged in her sole assignment of error that "the trial court erred to the prejudice of the plaintiffs when it granted the defendant's motion for summary judgment."
 {¶ 4} A review of the trial court's granting of summary judgment is de novo; thus, we apply the same standard as the trial court. Graftonv. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Summary judgment will be granted only when there remains no genuine issue of material fact, and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C). The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. Dresher v. Burt (1996),75 Ohio St.3d 280, 294.
 {¶ 5} The trial court found that Boggs was a recreational user under R.C. 1533.181[2]; therefore, Bowling Green was not liable for her injuries while she played softball at Carter Park. Boggs argues she was not a recreational user of the park because she had paid a fee to play softball. Any money, however, was not paid to the city, but to her team sponsor as a sponsorship fee and for her team t-shirt. The form she signed for the Bowling Green Parks Recreation Department actually specified that she was not required to pay a $15 non-resident fee. During her October 26, 2000 deposition, Boggs testified that she read, understood, and signed a registration and waiver of liability form for the Bowling Green Parks Recreation Department on May 5, 1998. It stated, in part, that "[i]f an accident should occur during participation, the instructor should be informed, however, the injured party is responsible for all financial obligations incurred in this process including ambulance and subsequent treatment expenses. I, as aparticipant in the Parks and Recreation programs, am signing thisverifying that I have read and understand my responsibilities as aparticipant."[3]
 {¶ 6} A person who enters or uses municipal land, which is held open to the general public free of charge for recreational pursuits, is a "recreational user" as defined by R.C. 1533.18(B).[4] LiCause v.Canton (1989), 42 Ohio St.3d 109, at the syllabus, citing to Johnson v.New London (1988), 36 Ohio St.3d 60.[5] As a result, if one is injured while recreating on city property, the municipality is immune from suit due to the exemption from liability to recreational users in R.C. 1533.181. LiCause, supra, at syllabus; Miller v. Dayton, infra, at 116.[6]
 {¶ 7} Softball has been specifically held to be a recreational pursuit by the Ohio Supreme Court. Miller v. Dayton (1989),42 Ohio St.3d 113, 115. The mere fact that a fee was paid to a sponsor does not mean that a fee was paid to the municipality "to enter upon `premises' to engage in recreational pursuits." Moss v. Dept. of NaturalResources (1980), 62 Ohio St.2d 138, at paragraph two of the syllabus.[7]
 {¶ 8} Identical issues arose in Pippin v. M.A. Hauser Ent.
(1996), 111 Ohio App.3d 557, a case in this court. There, a softball player fractured his leg while sliding into second base during a softball game. In Pippin, this court found no evidence in the record from which one could infer that the injured ballplayer could not have used the softball facilities without payment. There, the sponsor paid for its players to join the league. Id., at 560. The injured player had not been required to pay to use the park's recreational facilities. Since this was so, the city was deemed immune from liability pursuant to R.C. 1533.181. Id., at 561. Likewise, money paid by Boggs went directly to her sponsor; the money was not a fee to enter Carter Park. See, id., at 562. Her status as a recreational user did not change; the city of Bowling Green is immune under R.C. 1533.181.
 {¶ 9} The trial court properly granted appellee's motion for summary judgment. Appellant's sole assignment of error is found not well-taken, and the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
 JUDGMENT AFFIRMED.
Mark L. Pietrykowski, J., Judith Ann Lanzinger, J., and Arlene Singer, J., CONCUR.
[1] That issue is moot in this case because constitutionality was not raised on appeal. In fact, a statute is presumed to be in compliance with the Ohio Constitution, and courts will liberally construe a statute to save it from constitutional infirmities. State v. Sinito (1975),43 Ohio St.2d 98, 101. Furthermore, this presumption of constitutionality will be overcome only if it clearly appears that a law is in direct conflict with the Constitution. Ohio Public Interest Action Group v.Pub. Util. Comm. (1975), 43 Ohio St.2d 175, at paragraph four of the syllabus.
[2] R.C. 1533.181 provides:
"(A) No owner, lessee, or occupant of premises:
 "(1) Owes any duty to a recreational user to keep the premises safe for entry or use;
 "(2) Extends any assurance to a recreational user, through the act of giving permission, that the premises are safe for entry or use;
 "(3) Assumes responsibility for or incurs liability for any injury to person or property caused by any act of a recreational user.
 "(B) Division (A) of this section applies to the owner, lessee, or occupant of privately owned, nonresidential premises, whether or not the premises are kept open for public use and whether or not the owner, lessee, or occupant denies entry to certain individuals."
[3] Emphasis in original.
[4] R.C. 1533.18(B) provides:
 "As used in sections 1533.18 and 1533.181 [1533.18.1] of the Revised Code:
 "(B) `Recreational user' means a person to whom permission has been granted, without the payment of a fee or consideration to the owner, lessee, or occupant of premises, other than a fee or consideration paid to the state or any agency of the state, to enter upon premises to hunt, fish, trap, camp, hike, swim, operate a snowmobile or all-purpose vehicle, or engage in other recreational pursuits."
[5] Boggs's complaint, as stated before, also concerns R.C. 2744. The Supreme Court of Ohio recently examined the application of R.C. 1533.181
in a case involving a municipal park. See Ryll v. Columbus FireworksDisplay Co., Inc, 95 Ohio St.3d 467, 2002-Ohio-2584. Although the court did not find that R.C. 1533.181 released the city from liability, it did not overrule either Johnson, supra, or LiCause, supra. Likewise, it did not rule that R.C. 2744 et seq. provides the only means to establish immunity for political subdivisions. Therefore, R.C. 1533.181 still applies to provide immunity to municipalities from tort liability for recreational use of municipal property.
[6] See also, Gullett v. Willard Reservoir, 6th Dist. No. H-02-056, 2003-Ohio-3842, at ¶ 14 and fn. 1.
[7] Emphasis in original.