{¶ 54} The majority bases its decision to affirm the trial court's judgment primarily upon the conclusion that "unless the complaint on itsface demonstrates the existence of a defense that conclusively bars theplaintiff's claim", a 12(B)(6) motion based upon an affirmative defense cannot result in the dismissal of a complaint. The essence of the majority's argument is that, unless the plaintiff alleges in his complaint that Chad Schreibman and Charles Triozzi were given permission to enter the premises, i.e., the river, for recreational pursuits and specifically alleges that the boys did not pay a fee or other information to enter upon the premises, appellant cannot *Page 13 
possibly be granted a dismissal under Civ.R. 12(B)(6). Such a conclusion is supported neither by the facts, as alleged, nor Ohio law. Because the City of Willoughby is entitled to immunity under R.C.1533.181, as a matter of law, I respectfully dissent.
 {¶ 55} "Statutory immunity is an affirmative defense." Turner v. Cent.Local School Dist., 85 Ohio St.3d 95, 97, 1999-Ohio-207 (citations omitted). Contrary to the majority's assertion, Civ.R. 12(H) "allows the Civ.R. 12(B)(6) defense to be raised by motion for judgment on the pleadings." Mills v. Whitehouse Trucking Co. (1974), 40 Ohio St.2d 55,59; accord Carmen v. Link, (1997), 119 Ohio App.3d 244, 250 (affirmative defenses may be pleaded either by (1) a motion to dismiss pursuant to Civ.R. 12(B)(6); (2) in a responsive pleading, pursuant to Civ.R. 8(C); or (3) by an amendment made under Civ.R.15); Civ.R. 12(H)(2) ("A defense of failure to state a claim upon which relief can be granted * * * may be made * * * by motion for judgment on the pleadings.").
 {¶ 56} A review of the record reveals that Willoughby's "Motion to Dismiss," though made pursuant to Civ.R. 12(B)(6), was filed contemporaneously with its answer, thus it may also properly be viewed as a Civ.R. 12(C) motion for judgment on the pleadings. The rule provides that "[a]fter the pleadings are closed but within such times as not to delay the trial, any party may move for judgment on the pleadings." Civ.R. 12(C). "[A] motion for judgment on the pleadings has been characterized as a belated Civ.R. 12(B)(6) motion for failure to state a claim upon which relief could be granted. * * * Therefore, the same standard of review is applied to both motions. * * * The court must limit its inquiry to the material allegations contained in the complaint and accept those allegations and all reasonable inferences as true.
* * * If, after undertaking this review, *Page 14 
the allegations in the complaint are such that plaintiff could prove no set of facts which would entitle him to relief, the moving party is entitled to judgment as a matter of law." Gawloski v. Miller BrewingCo. (1994), 96 Ohio App.3d 160, 163, citing Nelson v. Pleasant (1991),73 Ohio App.3d 479, 482, and Lin v. Gatehouse Constr. Co. (1992),84 Ohio App. 3d 96, 99.
 {¶ 57} Thus, the issue for our consideration becomes whether the recreational user's statute, when viewed in the light of the allegations of the plaintiffs' complaint, accepted as true, conclusively bars recovery as a matter of law.
 {¶ 58} R.C. 1533.181, the recreational user's statute, provides that "[n]o owner, lessee, or occupant of premises * * * [o]wes any duty to a recreational user to keep the premises safe for entry or use; * * * [e]xtends any assurance to a recreational user, through the act ofgiving permission, that the premises are safe for entry or use; [or] [a]ssumes responsibility for or incurs liability for any injury to [a] person * * * caused by any act of a recreational user." R.C.1533.181(A)(1), (2), and (3). (Emphasis added).
 {¶ 59} For purpose of the recreational user's statute, "[premises" means "all privately owned lands, ways, and waters, and any buildings and structures thereon." R.C. 1533.18(A). However, it has been held that "[a] political subdivision has derivative immunity from tort liability to a recreational user of municipal property to the same extent that an owner of private property has immunity from tort liability pursuant to [the recreational user's statute]." Price v. New Madison (Oct. 26, 1994), 2nd Dist. No. 1348, 1994 Ohio App. LEXIS 4836, at *5, citingJohnson v. New London (1988), 36 Ohio St.3d 60, 63-64. *Page 15 
 {¶ 60} A "recreational user," on the other hand, is "a person to whom permission has been granted, without the payment of a fee * * * to the owner, * * * to enter upon premises to hunt, fish, trap, camp, hike, or swim, or to operate a snowmobile, all-purpose vehicle, or four-wheel drive motor vehicle, or to engage in other recreational pursuits." R.C.1533.18(B) (emphasis added).
 {¶ 61} A review of plaintiffs' complaint reveals the following relevant allegations, which are not in dispute:
 {¶ 62} "Defendant, City of Willoughby * * *, a duly incorporated municipality in the State of Ohio, is located in the County of Lake, in the state of Ohio, and oversees, operates, owns, upkeeps [sic], controls, services, maintains, and is otherwise responsible for the lowhead dam in or near the City of Willoughby, Ohio."
 {¶ 63} "There is located, at or in * * * Willoughby[s] jurisdictions a lowhead dam in the Chagrin River adjacent to Daniels Park inWilloughby." (Emphasis added).
 {¶ 64} "On or about May 12, 2002[,] Chad Shreibman and Charles Trizza entered the Chagrin River and began rafting down the river at or around Gates Mills, Ohio."
 {¶ 65} "There were no signs or warnings to either Chad Schreibman or Charles Trizza, non-residents of Willoughby, about the imminent death they faced as they neared the Daniels Park lowhead dam."
 {¶ 66} "Defendant, City of Willoughby's [sic] created and maintained an attractive nuisance with regard to the lowhead dam; Defendant advertised the lowhead dam, which Defendant knew to be dangerous, for use for recreational purposes and thus created and maintained a danger which it knew would cause injuries to persons engaged in activities at or around the lowhead dam." *Page 16 
 {¶ 67} Accepting all of the aforementioned allegations as true, there is no question that the boys were recreational users on the river adjacent to the city's public park as a matter of law.
 {¶ 68} "Whether a specific pursuit is comprehended within the meaning of [the term "other recreational pursuit"] may be determined by analyzing whether 1) it is a pursuit of an active sporting nature; (2) it requires a commitment of personal involvement or participation, as opposed to the disjoined interest of a detached spectator; and (3) whether it is generally thought of as a form of outdoor recreation."Pierce v. Cleveland Metroparks Sys. (Oct. 23, 1986), 8th Dist. No. 51162, 1986 Ohio App. LEXIS 8803, at *5-*6 (citations omitted). Rafting on the river clearly qualifies under this standard.
 {¶ 69} Furthermore, as stated by the Ohio Supreme Court, "[t]he existence of statutory immunity does not depend upon the specific activity pursued by the plaintiff at the time of the plaintiff's injury. Rather, the inquiry should focus on the nature and scope of activity for which the premises are held open to the public. The goal is to determine the character of the premises. If the premises qualify as being open to the public for recreational activity, the statute does not require a distinction to be made between plaintiffs depending upon the activity in which each was engaged at the time of the injury. For example, we recognize immunity to the owner of a park (which qualifies as recreational premises), whether the injury is to one who is jogging in the park, tinkering with a model airplane or reading poetry to satisfy a school homework assignment. * * * The essential character of * * * [the park] is that of premises held open to the plaintiff, without fee, for recreational purposes." Miller v. Dayton (1989), 42 Ohio St.3d 113, 115. *Page 17 
 {¶ 70} The majority attempts to justify its conclusion based upon the proposition that "permission is an element of the statutory defense," and that, absent affirmative proof of permission being granted by the landowner, Willoughby cannot qualify for immunity under the recreational user's statute. Another basis for the majority's conclusion is that the immunity provided by the recreational user's statute does not apply because "non-payment of a fee or consideration to enter upon the premises is an element of the immunity defense," thus, "the complaint would have to have alleged that the decedents did not pay a fee or other consideration to the owner to enter the premises." These propositions ignore what should be a blatantly obvious fact as acknowledged in thecomplaint, i.e., that the boys were on the premises of a public park owned by the municipality.
 {¶ 71} This court has held that "[a] recreational user is one who is given express permission to use the land for a recreational pursuitor one who participates in a recreational pursuit with the owner'sacquiescence." Nelson v. Bd. of Park Commrs. of Conneaut Twp. ParkDist., 11th Dist. No. 2001-A-0016, 2001-Ohio-7060, 2001 Ohio App. LEXIS 6001, at *16 (citation omitted). Public parks are, by their very nature, open via express permission, or with the owner's acquiescence, for the purpose of allowing the general public to engage in recreational activities.
 {¶ 72} Moreover, the absence of any proof in the complaint that the boys did not pay a fee prior to entering park property is not dispositive. For purposes of the recreational user's statute, a municipal park is, by its nature, entitled to a reasonable inference that its facilities are available without the payment of a fee.Pippin v. M.A. *Page 18 Hauser Ents. (1996), 111 Ohio App.3d 557, 563 (citation omitted). Appellant should not have to prove a negative.
 {¶ 73} Based upon the foregoing analysis, I would reverse the judgment of the Lake County Court of Common Pleas. *Page 1