[Cite as *Johnson v. Catawba State Park*, 2010-Ohio-1951.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DAVID PARNELLI JOHNSON, JR.

Plaintiff

v.

CATAWBA STATE PARK

Defendant

Case No. 2009-07032-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION

{¶ 1}   Plaintiff, David Parnelli Johnson, Jr., filed this action against defendant, Catawba State Park (Park), contending that his 2005 Dodge Ram 1500 pick up truck was damaged as a proximate cause of negligence on the part of defendant.  Plaintiff recalled that he drove his truck to the Park at approximately 6:00 p.m. on June 25, 2009 and parked the vehicle in a lined parking space at a paved parking lot near the lake on defendant's premises.  Plaintiff submitted a photograph depicting the parking lot, lake, and shelter house.  The photograph shows that the lake is located at the base of a small hill and the space where plaintiff parked is an inclined area near the top of the hill. Plaintiff related that, "I had taken my dog to the park to swim and it immediately began to storm so I headed for the shelter at the park to wait it out."  Plaintiff noted that while he was waiting in the shelter house he observed a Park owned dumpster roll down the hill and strike his parked truck.  Plaintiff submitted a photograph depicting the area where the dumpster was placed before the June 26, 2009 storm began.  The area shown is a grassy median between parking spaces in defendant's paved parking lot. Plaintiff also submitted a photograph of the actual dumpster that struck his vehicle.  The

photograph shows a four wheeled metal trash receptacle with a plastic lid. The dimensions of the dumpster appear to be approximately 5' by 4' by 3'. Plaintiff asserted that defendant was negligent in failing to properly secure the dumpster and he has consequently filed this complaint seeking to recover $500.00, an amount representing expenses incurred for repairs (insurance coverage deductible). The $25.00 filing fee was paid.

{¶ 2} Plaintiff filed a witness statement (copy submitted) with defendant the day after his damage incident. In his statement, plaintiff recorded that he observed a dumpster roll into the back of his parked truck while he was standing in the Park shelter house during a storm. Plaintiff related that, "I stayed in the shelter house until the storm passed by, but I decided to run to my truck when I thought it was safe enough to go." Plaintiff noted that, "[w]hen I was running to my truck trees were falling and debris was flying everywhere around me." According to plaintiff, he first noticed the damage to his truck after he drove home from the park.

{¶ 3} Defendant has denied liability for the damage claim based on the fact that plaintiff was a recreational user of defendant's premises at the time of the property damage occurrence. Defendant explained that the parking area plaintiff chose is open to the public free of charge and plaintiff did not pay a fee to use the facilities.

{¶ 4} Since this incident occurred at Catawba State Park, defendant qualifies as the owner of the "premises" under R.C. 1533.18, et seq.

{¶ 5} "Premises" and "recreational user" are defined in R.C. 1533.18, as follows:

{¶ 6} "(A) 'Premises' means all privately owned lands, ways, and waters, and any buildings and structures thereon, and all privately owned and state-owned lands, ways and waters leased to a private person, firm, or organization, including any buildings and structures thereon.

{¶ 7} "(B) 'Recreational user' means a person to whom permission has been granted, without the payment of a fee or consideration to the owner, lessee, or occupant of premises, other than a fee or consideration paid to the state or any agency of the state, or a lease payment or fee paid to the owner of privately owned lands, to enter upon the premises to hunt, fish, trap, camp, hike, or swim, or to operate a snowmobile, all-purpose vehicle, or four-wheel drive motor vehicle, or to engage in other recreational pursuits."

{¶ 8} R.C. 1533.181 states:

{¶ 9} "(A) *No owner, lessee, or occupant of premises:*

{¶ 10} "(1) Owes any duty to a recreational user to keep the premises safe for entry or use;

{¶ 11} "(2) Extends any assurance to a recreational user, through the act of giving permission, that the premises are safe for entry or use." (Emphasis added.)

{¶ 12} Pursuant to the enactment of R.C. 2743.02(A), the definition of premises in R.C. 1533.18(A) effectively encompassed state-owned lands. *Moss v. Department of Natural Resources* (1980), 62 Ohio St. 2d 138, 16 O.O. 3d 161, 404 N.E. 2d 742. R.C. 1533.18(A)(1), which provides, inter alia, that an owner of premises owes no duty to a recreational user to keep the premises safe for entry or use, applies to the state. *Fetherolf v. State* (1982), 7 Ohio App. 3d 100, 7 OBR 142, 454 N.E. 2d 564. Plaintiff is clearly a recreational user, having paid no fee to enter the premises. Owing no duty to plaintiff, defendant clearly has no liability under a negligence theory. See *Shockey v. Ohio Dept. of Natural Resources*, 2004-09509-AD, 2005-Ohio-641. Even if defendant's conduct would be characterized as "affirmative creation of hazard," it still has immunity from liability under the recreational user statute. *Sanker v. Department of Natural Resources* (1982), 81-04478-AD; *Theaker v. Portage Lakes State Park*, Ct. of Cl. No. 2006-04733-AD, 2007-Ohio-648.

{¶ 13} In *Miller v. Dayton* (1989), 42 Ohio St. 3d 113, 114, 537 N.E. 2d 1294, the Ohio Supreme Court held that "[i]n determining whether a person is a recreational user under R.C. 1533.18(B), the analysis should focus on the character of the property upon which the injury occurs and the type of activities for which the property is held open to the public." The court in *Miller* additionally held that "the existence of statutory immunity does not depend upon the specific activity pursued by the plaintiff at the time of the plaintiff's injury. Rather, the inquiry should focus on the nature and scope of activity for which the premises are held open to the public." *Miller*, at 115. The *Miller* court explained: "Generally speaking, recreational premises include elements such as land, water, trees, grass, and other vegetation. But recreational premises will often have such features as walks, fences and other improvements. The significant query is whether such improvements change the character of the premises and put the property outside the recreational-user statute. To consider the question from a different

perspective: Are the improvements and man-made structures consistent with the purpose envisioned by the legislature in its grant of immunity? In other words, are the premises (viewed as a whole) those which users enter upon "*** to hunt, fish, trap, camp, hike, swim or engage in other recreational pursuits?" *Miller* at 114-115. This court has previously held the immunity provision of R.C. 1533.181 applies to property damage incidents occurring in parking lots on defendant's Park premises. *Touvell v. Ohio Dept. of Natural Resources*, Ct. of Cl. No. 2008-09449-AD, 2009-Ohio-4267. Consequently, plaintiff's claim is denied.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DAVID PARNELLI JOHNSON, JR.

    Plaintiff

    v.

CATAWBA STATE PARK

    Defendant

    Case No. 2009-07032-AD

Clerk Miles C. Durfey

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth

in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
MILES C. DURFEY
Clerk

Entry cc:

David Parnelli Johnson, Jr.              Charles G. Rowan, Deputy Chief Counsel
141 Cedar Street                          Ohio Department of Natural Resources
Port Clinton, Ohio  43452                 2045 Morse Road, Building D-3
                                          Columbus, Ohio  43229-6693

RDK/laa
12/15
Filed 1/8/10
Sent to S.C. reporter 4/30/10