[Cite as *Tepker v. Hueston Woods State Park*, 2010-Ohio-5453.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

FRED TEPKER

     Plaintiff

     v.

HUESTON WOODS STATE PARK

     Defendant

     Case No. 2009-08799-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION


{¶ 1} Plaintiff, Fred Tepker, filed this action against defendant, Hueston Woods State Park (Park), contending his 2004 Ford F-150 pick up truck was damaged as a proximate cause of negligence on the part of defendant in maintaining a hazardous condition on Park premises. Plaintiff recalled he parked his truck at a campground parking space on defendant's premises on October 10, 2009 and a limb from a locust tree fell upon the truck damaging the vehicle's fiberglass cap, spoiler, and cap light. Photographs of the fallen tree limb and truck were submitted by defendant and plaintiff. Plaintiff asserted defendant was negligent in maintaining a known hazardous condition on Park premises that damaged his truck and he was consequently, filed this complaint seeking to recover $1,504.49, an amount representing vehicle repair costs. The filing fee was paid.

{¶ 2} Defendant has denied liability for the damage claim based on the fact that plaintiff was a recreational user of defendant's premises at the time of the property damage occurrence. Defendant explained that the parking area plaintiff chose is open to the public and free of charge and plaintiff did not pay a fee to enter the Park.

{¶ 3} Since this incident occurred at Hueston Woods State Park, defendant qualifies as the owner of the "premises" under R.C. 1533.18 et seq.

{¶ 4} "Premises" and "recreational user" are defined in R.C. 1533.18, as follows:

{¶ 5} "(A) 'Premises' means all privately owned lands, ways, and waters, and any buildings and structures thereon, and all privately owned and state-owned lands, ways and waters leased to a private person, firm, organization, including any buildings and structures thereon."

{¶ 6} "(B) 'Recreational user' means a person to whom permission has been granted, without the payment of a fee or consideration to the owner, lessee, or occupant of premises, other than a fee or consideration paid to the state or any agency of the state, or a lease payment or fee paid to the owner of privately owned lands, to enter upon the premises to hunt, fish, trap, camp, hike, or swim, or to operate a snowmobile, all-purpose vehicle, or four-wheel drive motor vehicle, or to engage in other recreational pursuits."

{¶ 7} R.C. 1533.181 states:

{¶ 8} "(A) *No owner, lessee, or occupant of premises:*

{¶ 9} "(1) Owes any duty to a recreational user to keep the premises safe for entry or use;

{¶ 10} "(2) Extends any assurance to a recreational user, through the act of giving permission, that the premises are safe for entry or use." (Emphasis added.)

{¶ 11} Pursuant to the enactment of R.C. 2743.02(A), the definition of premises in R.C. 1533.18(A) effectively encompassed state-owned lands. *Moss v. Department of Natural Resources* (1980), 62 Ohio St. 2d 138, 16 O.O. 3d 161, 404 N.E. 2d 742. R.C. 1533.18(A)(1), which provides, inter alia, that an owner of premises owes no duty to a recreational user to keep the premises safe for entry or use, applies to the state. *Fetherolf v. State* (1982), 7 Ohio App. 3d 100, 7 OBR 142, 454 N.E. 2d 564. Plaintiff is clearly a recreational user, having paid no fee to enter the premises. Owing no duty to plaintiff, defendant clearly has no liability under a negligence theory. See *Shockey v. Ohio Dept. of Natural Resources*, Ct. of Cl. No. 2004-09509-AD, 2005-Ohio-641. Even if defendant's conduct would be characterized as "affirmative creation of hazard," it still has immunity from liability under the recreational user statute. *Sanker v. Department of Natural Resources* (1982), 81-04478-AD; *Theaker v. Portage Lakes State Park*, Ct. of

Cl. No. 2006-04733-AD, 2007-Ohio-648.

{¶ 12} In *Miller v. Dayton* (1989), 42 Ohio St. 3d 113, 114, 537 N.E. 2d 1294, the Ohio Supreme Court held that "[i]n determining whether a person is a recreational user under R.C. 1533.18(B), the analysis should focus on the character of the property upon which the injury occurs and the type of activities for which the property is held open to the public." The court in *Miller* additionally held that "the existence of statutory immunity does not depend upon the specific activity pursued by the plaintiff at the time of the plaintiff's injury. Rather, the inquiry should focus on the nature and scope of activity for which the premises are held open to the public." *Miller*, at 115. The *Miller* court explained: "Generally speaking, recreational premises include elements such as land, water, trees, grass, and other vegetation. But recreational premises will often have such features as walks, fences and other improvements. The significant query is whether such improvements change the character of the premises and put the property outside the protection of the recreational-user statute. To consider the question from a different perspective: Are the improvements and man-made structures consistent with the purpose envisioned by the legislature in its grant of immunity? In other words, are the premises (viewed as a whole) those which users enter upon "*** to hunt, fish, trap, camp, hike, swim, or engage in other recreational pursuits?" *Miller* at 114-115. This court has previously held the immunity provision of R.C. 1533.181 applies to property damage incidents occurring in parking lots on defendant's Park premises. *Touvell v. Ohio Dept. of Natural Resources*, Ct. of Cl. No. 2008-09449-AD, 2009-Ohio-4267; *Johnson v. Catawba State Park*, Ct. of Cl. No. 2009-07032-AD, 2010-Ohio-1951.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us


FRED TEPKER

   Plaintiff

   v.

HUESTON WOODS STATE PARK

   Defendant

   Case No. 2009-08799-AD

Deputy Clerk Daniel R. Borchert


ENTRY OF ADMINISTRATIVE DETERMINATION


Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.


_____
DANIEL R. BORCHERT
Deputy Clerk


Entry cc:

Fred Tepker
390 Timberhill Drive
Hamilton, Ohio  45013

Charles G. Rowan
Department of Natural Resources
2045 Morse Road, Building D-3
Columbus, Ohio  43229-6693

RDK/laa
6/3

Filed 7/20/10
Sent to S.C. reporter 11/5/10